# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0141-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

N.P.,[1]

    Defendant-Appellant.

_____

          Submitted May 28, 2026 – Decided June 12, 2026

          Before Judges Mayer and Vanek.

          On appeal from the Superior Court of New Jersey, Chancery Part, Family Division, Essex County, Docket No. FO-07-0111-24.

          N.P., self-represented appellant.

          Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

---

[1] We refer to the defendant in this case using initials to protect their privacy and the confidentiality of these proceedings. R. 1:38-3(d)(9).

Defendant N.P. appeals from a June 14, 2025 order finding him guilty of contempt for violating an October 12, 2022 amended domestic violence final restraining order (FRO). We affirm.

The victim and defendant were never married but have a child together. They have filed multiple motions related to child support and other child-related issues. The victim obtained an FRO against defendant. The FRO was subsequently amended. The FRO and amended FRO prohibited defendant from having any contact or communication with the victim.

Defendant was charged with criminal contempt for violating the amended FRO, N.J.S.A. 2C:29-9(b)(1), by contacting the victim on October 13, 2023, just two days before her wedding. The State subsequently moved to downgrade the charge to N.J.S.A. 2C:29-9(b)(2), which the judge granted.

On April 23, 2024, the judge conducted a bench trial on defendant's violation of the amended FRO. The State called the victim as a witness and presented text messages as part of its case against defendant. Defendant, represented by counsel, testified and submitted documentary evidence.

At the conclusion of the trial, the judge found defendant guilty of violating the amended FRO. Because defendant was in court when the original FRO was

A-0141-24

entered, the judge determined defendant was aware of the terms and conditions set forth in the FRO, including the no contact provision.

The judge found defendant sent text messages to the victim's groom-to-be and his family members two days before the victim's wedding. The text message warned the recipients to keep children away from the victim, stated the victim was "evil" and "involved in disturbing things," and referred to the victim's new last name after the wedding. The text messages also included "a less than flattering picture" of the victim in a witch costume.

According to the trial testimony, when the victim learned of the text messages to her groom and his family, she telephoned the originating number and recognized defendant's voice on the other end of the phone. According to the victim, when she stated, "I know it's you," the voice responded, "[g]o fuck yourself." The judge found the victim's long-standing intimate relationship with defendant allowed the victim "to recognize the voice of the father of her child."

Immediately after the victim hung up from that phone call, she received a text message with the unflattering picture and a "topless photo from a prior . . . time in her life." The topless photograph was not previously circulated on any social media sites. Rather, according to the victim's testimony, the photograph was saved on a computer the victim shared with defendant.

3

A-0141-24

The judge found the text messages marked as S-3 and S-4 were communications sent by defendant to the victim in violation of the amended FRO and N.J.S.A. 2C:29-9(b)(2). The judge concluded the victim and defendant had a "contentious relationship" with "lots and lots of filing[s] related to custody" of their child. The judge rejected defendant's argument that the victim fabricated defendant's violation of the amended FRO as retaliation for his motion to reduce child support and resume parenting time.

The judge explained the matter "was a simple case" based on the unambiguous no contact provision in the original and amended FROs. She found "beyond a reasonable doubt" the communications from defendant, marked as S-3 and S-4, "were from . . . defendant" and "violate[d] the provisions of the [FROs]." Thus, the judge found defendant guilty of contempt of a court order.

At the June 14, 2024 sentencing hearing, the judge entered an order of disposition finding defendant guilty of violating N.J.S.A. 2C:29-9(b)(2). The judge sentenced defendant to thirty days in jail.

On appeal, defendant raises the following arguments:

POINT I

> THE STATE FAILED TO PROVE CONTEMPT BEYOND A REASONABLE DOUBT; SCREENSHOTS WITHOUT CORROBORATION DO NOT ESTABLISH AUTHORSHIP.

4

POINT II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING UNAUTHENTICATED TEXT MESSAGES. UNDER N.J.R.E. 901, SCREENSHOTS REQUIRE A PROPER FOUNDATION (E.G., METADATA, CARRIER RECORDS, OR TESTIMONY ESTABLISHING AUTHORSHIP). THE ERROR WAS NOT HARMLESS GIVEN THE CENTRALITY OF THE MESSAGES.

POINT III

THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY DENYING DISCOVERY AND REFUSING ADJOURNMENT. [DEFENDANT] SOUGHT CARRIER RECORDS AND WITNESS TESTIMONY NECESSARY TO TEST AUTHENTICITY. DENYING THIS RELIEF DEPRIVED [DEFENDANT] OF A MEANINGFUL OPPORTUNITY TO CHALLENGE THE STATE'S PROOF.

A person is guilty of a disorderly persons offense if that individual "purposely or knowingly violates any provision in an order entered under the provisions of the 'Prevention of Domestic Violence Act.'" N.J.S.A. 2C:29-9(b)(2). Under this statute, the State must prove the following elements beyond a reasonable doubt: (1) the existence of a restraining order; (2) defendant knowingly or purposely violated the restraining order; and (3) defendant's

A-0141-24

conduct constituted a crime or disorderly persons offense. See State v. Chenique-Puey, 145 N.J. 334, 341-42 (1996).

Defendant does not dispute the State satisfied its burden of proving the FRO was entered with defendant's knowledge. Rather, defendant disputes the State's proofs that he knowingly and purposely violated the amended FRO.

A person acts "purposely" if they consciously engage in conduct or cause a certain result. N.J.S.A. 2C:2-2(b)(1). A person acts "knowingly" if they are aware of their conduct, the circumstances surrounding that conduct, or there is a high probability that those circumstances exist. N.J.S.A. 2C:2-2(b)(2).

The FRO prohibited defendant from any form of contact or communication with the victim. Based on the trial testimony and evidence, the judge found beyond a reasonable doubt that defendant contacted the victim. The judge determined defendant acted purposely and knowingly in violation of the amended FRO. Therefore, the judge correctly concluded defendant was guilty of the disorderly persons offense of contempt for violating a court order.

We reject defendant's challenges to the authentication of the evidence presented by the State. "[C]onsiderable latitude is afforded a trial court in determining whether to admit evidence, and that determination will be reversed only if it constitutes an abuse of discretion." State v. Hannah, 448 N.J. Super.

6

A-0141-24

78, 85 (App. Div. 2016) (alteration in original) (quoting State v. Kuropchak, 221 N.J. 368, 385-86 (2015)).

We discern no abuse of discretion in the judge's admission of the State's evidence. Because this was a bench trial, the judge had the ability to consider the admissibility and weight of the evidence under N.J.R.E. 901. Based on the victim's testimony, there was ample proof supporting authentication of the screenshots of defendant's text messages marked as S-2, S-3, and S-4. Moreover, defense counsel did not object to the authenticity of this evidence during the trial.

We also reject defendant's argument that the judge violated defendant's right to due process by denying his request to conduct discovery and declining to adjourn the hearing. Defense counsel's failure to have a copy of the FRO did not violate any due process rights because defendant received the FRO at the conclusion of the domestic violence trial. Counsel could have obtained a copy of the FRO from defendant. Regarding the purported denial of a request for an adjournment of the trial, defense counsel did not request an adjournment. Based on the trial transcript, after the victim testified, the judge offered to adjourn the proceeding to allow defense counsel to prepare for cross-examination of the

A-0141-24

victim. Defense counsel declined the offer. On this record, we discern no violation of defendant's right to due process.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Healy

Clerk of the Appellate Division

A-0141-24